# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION

### CIVIL NO.  2:07CV16-1-T
### (2:04CR93)

| | | |
|---|---|---|
| **JOHN WESLEY BLACKMON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| **_____** | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 10, 2007.  No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255**.  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge

shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 4, 2004, Petitioner was one of ten individuals indicted on one count of conspiracy to possess with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed October 4, 2004.** In addition to the indictment, the Government filed an information pursuant to 21 U.S.C. § 851 setting forth the Petitioner's previous felony drug conviction. **Information pursuant to Title 21, U.S.C. § 851, filed October 4, 2004.** On January 24, 2005, Petitioner and his attorney attended a Rule 11 hearing where the Petitioner entered a guilty plea to the charge contained in the indictment without benefit of a plea agreement. **Entry and Acceptance of Guilty Plea Form, filed January 24, 2005.** On June 17, 2005, this Court sentenced Petitioner to a total sentence of 200 months imprisonment. **Judgment in a Criminal Case, filed July 12, 2005**.

Petitioner appealed his sentence and the Government filed a cross appeal. Petitioner challenged the Court's determination that he was responsible for 50 to150 grams of crack cocaine, the four-level enhancement for his role in the offense, and to being subjected to the enhanced statutory penalties due to the fact he never received the § 851 notice. *United States v. Blackmon*, **183 F. App'x 283 (4th Cir. 2006)**. Petitioner also argued that the Court's statement of reasons for the sentence it imposed was unreasonable. *Id*. **at 285.** The only issue raised by the Government on appeal was that the Court "erred in refusing to enhance Blackmon's sentence based on facts not found by the jury where the [Court's] refusal to apply such enhancement was based on the mistake of law that such enhancement could not be applied notwithstanding the advisory nature of the guidelines." *Id*. The Fourth Circuit agreed with the Government and ruled that this Court had improperly calculated the guideline range and, therefore, the Petitioner's sentence "was not reasonable." *Id*. **at 286.** The Fourth Circuit vacated Petitioner's sentence and remanded the case for resentencing. *Id.* The Fourth Circuit also noted that its ruling rendered Petitioner's issues on appeal moot. *Id*. **at 285.**

On remand, this Court sentenced Petitioner to 275 months imprisonment. **Amended Judgment in a Criminal Case, filed September 5, 2006**. Petitioner again appealed his sentence. **Notice of Appeal, filed August 25, 2006.** However, by order filed February 9, 2007, the Fourth Circuit granted Petitioner's unopposed motion to dismiss and dismissed his appeal. ***United States v. Blackmon*, No. 06-4898 (4th Cir. Feb. 9, 2007)**.

In Petitioner's timely § 2255 motion, he argues that his guilty plea was involuntarily and unknowingly made and entered, and he received ineffective assistance of trial and appellate counsel.

## II. ANALYSIS

First, Petitioner alleges that his guilty plea was not entered freely and voluntarily with a complete understanding of the consequences. More specifically, Petitioner alleges that the Court failed to inform him that his "role" in the crime would become a factor in determining his ultimate punishment range.

It is not incumbent upon a court to inform a defendant of all the possible sentencing outcomes at his plea hearing. ***See generally* Fed. R.**

**Crim. P. 11(b) (setting forth information the court is required to explain to a defendant at a plea hearing).** Rather, a court is required to inform a defendant of the maximum and minimum statutory penalties he faces and the role of the sentencing guidelines in ultimately determining his sentence. **Fed. R. Crim. P. 11(b)(1)(H) and (I).** The exact results of applying the sentencing guidelines are often unknown at the time of the plea hearing as the presentence report has not yet been prepared. As such, this allegation does not support a finding that Petitioner's guilty plea was unknowingly and involuntarily made and entered.

Petitioner also asserts that the fact his counsel raised objections to the drug amount, Petitioner's role in the offense, and to the § 851 enhancement support a conclusion that his guilty plea was involuntary. To the contrary, such objections are indicative of zealous advocacy and do not reflect upon the voluntariness or knowing aspects of Petitioner's guilty plea. As is stated clearly at a plea hearing, not all sentencing issues are resolved at the plea hearing. *See* **Transcript of Plea and Rule 11 Hearing, filed August 24, 2005, at 10-11.**

Petitioner also points to a particular exchange during his plea hearing to support his claim.  Petitioner states that his "no" response to the question, "Is your willingness to plead guilty the result of prior discussions between you and your attorney and the attorney for the government," shows his guilty plea was not entered knowingly and voluntarily.  *Id.* **at 13-14.**  The Court disagrees with the significance Petitioner attaches to this exchange.  Read in context in its entirety, it is apparent that Petitioner misunderstood or misheard the essentially rhetorical question.

| | |
|---|---|
| THE COURT: | Is your willingness to plead guilty the result of prior discussions between you and your attorney and the attorney for the government?  I take it your answer to that is no.  Is that correct? |
| THE DEFENDANT: | I couldn't hear that question. |
| THE COURT: | Do you want me to ask you that again? |
| MR. BANZHOFF: | Yes, sir. |
| THE COURT: | Is your willingness to plead guilty the result of prior discussions between your attorney and the attorney for the government? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Do you want me to ask him that again, Mr. Banzhoff, just to make sure he understands it? |
| MR. BANZHOFF: | I think he understands it, and just to clarify, obviously his basis for pleading guilty is based upon discussions and evidence contained in the government's open file. |

*Id*.  Because the Court knew the Petitioner was pleading guilty without the benefit of a plea agreement, it followed that Petitioner, his attorney, and the

Government had not had any discussions regarding any plea arrangement. *Id*. at 13 (**"I take it your answer to that is no."**). Defense counsel supplemented Petitioner's answer and acknowledged that Petitioner's guilty plea was "based upon discussions and evidence contained in the government's open file." *Id*. at 14. This exchange does not show the Petitioner entered his plea involuntarily and unknowingly.

Finally, Petitioner alleges that his guilty plea was involuntary and in violation of Rule 11 because no factual basis for his guilty plea was established at his plea hearing. Rule 11(b)(3) of the Federal Rules of Criminal Procedure, however, does not require that a factual basis be established at the plea hearing. Rather, the Rule requires that a factual basis be determined "before entering judgment on a guilty plea." Therefore, because the Court was not required to determine that a factual basis existed at Petitioner's plea hearing, Petitioner's claim is without merit.[1] Moreover, as a factual basis need not be determined at the Rule 11

---

[1] A review of the record reveals that the Court did not directly address the existence of a factual basis at the first sentencing hearing. A district court, however, "may conclude that a factual basis exists from anything that appears on the record." **United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991); see United States v. Adams, 961 F.2d 505, 512-13 (5th Cir. 1992) (considering evidence contained in defendant's presentence report in determining whether Rule 11(f) error was harmless).** In the instant case, at a minimum, the presentence report

hearing, it follows that the finding of a factual basis is not typically relevant to a determination that a guilty plea is voluntarily entered at a plea hearing. Consequently, for this reason as well, Petitioner's allegation of a factual basis error cannot sustain his claim of an involuntary guilty plea.

Lastly, Petitioner also alleges he received ineffective assistance of counsel from both his trial and appellate attorneys. In order to succeed on a claim for ineffective assistance of counsel, the Petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. **Strickland v. Washington, 466 U.S. 668, 687-91 (1984)**. In other words, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. **Id. at 689**; **Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1995)**. Petitioner bears the

---

established a sufficient factual basis. Moreover, Petitioner does not satisfy the stringent standard for establishing an actionable Rule 11 claim on collateral review. **See United States v. Timmreck, 441 U.S. 780, 783 (1979) (a defendant cannot overturn a guilty plea on collateral review absent a showing that the Rule 11 proceeding was "inconsistent with the rudimentary demands of fair procedure" or constituted a "complete miscarriage of justice"); Fed. R. Crim. P. 11(h) (setting forth application of harmless error standard to Rule 11 violations) .**

burden of proving *Strickland* prejudice. **Fields, 956 F.2d at 1297.** If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." *Id.* **at 1290.**

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden. **Hill v. Lockhart, 474 U.S. 52, 53-59 (1985).** When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, he must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." **Hooper v. Garraghty, 845 F.2d 471, 475 (4ᵗʰ Cir. 1988).** This determination is an objective one based on whether going to trial might reasonably have resulted in a different outcome. **Hill, 474 U.S. at 59-60.** Moreover, courts must be highly deferential to strategic choices made by trial counsel. **Strickland, 466 U.S. at 689.** Every effort must "be made to eliminate the distorting effects of hindsight[.]" *Id.*

Petitioner alleges that his trial counsel was ineffective because he misadvised[2] him as to his sentence exposure. More specifically, Petitioner

---

[2] The Court notes that although it is counsel's responsibility to advise his or her client in this regard, the attorney is not ineffective for failing to predict the precise sentence a defendant will receive.

asserts that his counsel informed him that he would be sentenced to the minimum ten year term of imprisonment. Petitioner alleges that as a result, his counsel permitted him to enter a guilty plea without a full understanding of the consequences.

In reaching a decision on this claim, the Court places great weight on the Petitioner's representations at his Rule 11 Hearing. **See *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); *see also United States v. DeFusco*, 949 F.2d 114,119 (4th Cir. 1991) (statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).** Petitioner swore under oath at his plea hearing that he understood that he faced a maximum sentence of life and a minimum sentence of ten years imprisonment. **Transcript of Plea and Rule 11 Hearing, *supra*, at 8-9.** Petitioner also stated under oath that he understood that the sentence imposed by the Court would be within the statutory limits and in the Court's sound discretion, and that his plea was entered voluntarily and not as a result of coercion, threats or any promises. ***Id.* at 11, 13.** Based

upon Petitioner's own representations at his plea hearing, this Court

concludes that he cannot establish that he was prejudiced by any alleged

prediction by his counsel that he would receive a sentence of ten years

imprisonment.

Petitioner also alleges that his trial counsel was ineffective for failing

to seize an opportunity to specify the amount of drugs to which Petitioner

was pleading guilty. Petitioner asserts that when the Court inquired

whether counsel had any comments regarding the new format of the Rule

11 hearing following the *Booker* ruling,[3] his counsel should have made it

clear the amount of drugs to which Petitioner was pleading guilty.

Petitioner's claim on this basis is meritless. Not only would it have been

inappropriate for counsel to raise that issue at the plea hearing, such an

argument would not have been responsive to the Court's question.

Moreover, at the sentencing hearing Petitioner's counsel vociferously

argued against holding Petitioner responsible for the drug amount listed in

Petitioner's Indictment. ***See* Transcript of Sentencing Hearing held

June 17, 2005, at 7-13.** Indeed, at the first sentencing hearing, the Court

agreed with the argument of Petitioner's counsel that Petitioner was

---

[3] ***United States v. Booker*, 543 U.S. 220 (2005) (holding that the
Sentencing Guidelines should be treated as advisory).**

responsible for more than 50 but less than 150 grams of cocaine base. **Id. at 17.**

Petitioner also argues that his counsel was ineffective for failing to challenge the rulings regarding drug quantity and enhancements that this Court made using a preponderance of the evidence standard. This issue was discussed extensively at Petitioner's first and second sentencing hearings. The preponderance of the evidence standard was ultimately applied pursuant to the Fourth Circuit's instructions to do so. **Blackmon, 183 F. App'x at 285 ("In sentencing defendants after *Booker*, district courts should apply a preponderance of the evidence standard[.]").** No actions of Petitioner's counsel prejudiced Petitioner on this issue nor was counsel's performance deficient.

Petitioner alleges that his appellate counsel was ineffective because he should have moved to strike Petitioner's *pro se* notice of appeal due to the fact that he should have known the Government might file a cross-appeal. Petitioner asserts that as a result of his appellate counsel's failure to strike the *pro se* appeal, he ultimately received a sentence that was 75 months greater than his original sentence.

A defendant has an absolute right to appeal. Appellate counsel, therefore, would have been providing ineffective assistance if, on his own, he took steps to have Petitioner's *pro se* appeal stricken. In any event, Petitioner fails to allege that he would have consented to the withdrawal of his appeal at that time. Additionally, at the Petitioner's first sentencing hearing, the Court alluded to the possibility that the Government would appeal its sentencing ruling. ***See* Sentencing Transcript of June 17, 2005, *supra*, at 23 ("You both will have plenty to appeal from."); at 28 ("So if they [the Petitioner] appeal the case, you [the Government] have a lot of foundation now to appeal with them.").** Therefore, the Court finds it dubious that Petitioner was oblivious to the risk associated with filing an appeal.

Moreover, Petitioner fails to provide any support whatsoever for his conclusion that the Government would not have filed an appeal had he not done so. The docket record shows that the Government's cross-appeal was filed within the time frame in which the Government could initiate an appeal. **Fed. R. App. P. 4(b)(B)(i).** The Court further notes that Petitioner's appellate counsel was appointed eight days prior to the filing of the Government's cross-appeal. Consequently, the Government had, in all

likelihood, already begun the cross-appeal process before appellate counsel was appointed. The Court finds Petitioner has simply failed to establish that he was prejudiced or that he would have, without the benefit of the hindsight he now possesses, agreed not to appeal. In addition, he has failed to provide any evidence whatsoever to support the conclusion that the Government would not have appealed in any event.

Because the Petitioner has failed to show that he was prejudiced in any way by the actions of trial or appellate counsel, the second prong of *Strickland* need not be addressed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence is **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: July 23, 2008

Lacy H. Thornburg
United States District Judge