THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:04-cr-00093-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN WESLEY BLACKMON, JR., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 436].

The Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base and was sentenced to a term of 200 months' imprisonment on June 17, 2005. [Doc. 167]. The Defendant's sentence was vacated on appeal. [Doc. 232]. On remand, the Defendant was sentenced to a term of 275 months' imprisonment. [Doc. 247]. The Defendant appealed, but his appeal was dismissed. [Doc. 266]. On July 31, 2009, the Defendant's sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to a term of 221 months' imprisonment and 10 years of supervised release. [Doc. 350]. On December 15, 2015,

the Defendant's sentence was reduced again, this time pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 780/782 to a term of 188 months' imprisonment. [Doc. 406]. The 10-year term of supervised release remained the same. [Id.]. The Defendant was released from custody on February 21, 2020.

Having served roughly four years and two months of his ten-year term of supervised release, the Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 436]. In support of his motion, the Defendant argues that he has been gainfully employed and infraction free during his supervision. [Id.].

The Court may, after considering the relevant § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. Here, the Court is not satisfied that termination is warranted at this time. Although the Defendant's apparent adjustment to supervision is commendable, the Defendant has served less than half of his term of supervised release. The Defendant has cited to no circumstances that are

2
Case 2:04-cr-00093-MR-WCM   Document 437   Filed 05/10/24   Page 2 of 3

particular to this case that call for supervision to be terminated at this early stage. Therefore, the Court finds that further supervision is still warranted. Accordingly, the Defendant's request to terminate his term of supervised release is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 436] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**

Signed: May 10, 2024

Martin Reidinger
Chief United States District Judge

3
Case 2:04-cr-00093-MR-WCM   Document 437   Filed 05/10/24   Page 3 of 3